UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK V. NIELSEN,

    Plaintiff,

v.                        CASE NO. 8:08-CV-711-T-17TBM

PINELLAS COUNTY, OFFICE
OF HUMAN RIGHTS,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 18 Motion to Dismiss Amended Complaint
Dkt. 23 Motion for Leave to File Second Amended
       Complaint
Dkt. 24 Response
Dkt. 25 Notice
Dkt. 26 Reply

In the Amended Complaint, Plaintiff Frederick V. Nielsen asserts claims for discrimination in employment. Plaintiff's Charge of Discrimination states that Plaintiff Nielsen was discriminated against on the basis of sex and race in violation of the Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended. Plaintiff's Charge of Discrimination was amended to include a claim of retaliation, allegedly denying Plaintiff access to Defendant's internal grievance procedure, in violation of Title VII and the ADEA.

Case No. 8:08-CV-711-T-17TBM

I.  Standard of Review

As the Supreme Court held in <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974 (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 127 S.Ct. at 1965.

II. Dkt. 18 Motion to Dismiss

A. Failure to Join Indispensable Party

Defendant argues that Plaintiff Nielsen has filed to join an indispensable party, Pinellas County. Defendant argues that the Pinellas County Office of Human Rights is a department of Pinellas County Government, and lacks the capacity to be sued.

In the proposed Second Amended Complaint, the Court notes that Plaintiff Nielsen has changed the Defendant to "Pinellas

Case No. 8:08-CV-711-T-17TBM

County, a political subdivision of the State of Florida."

After consideration, the Court grants the Motion to Dismiss as to this issue.

B. Failure to Comply with Rule 10(b), Fed.R.Civ.P.

Defendant argues that the Amended Complaint contains multiple unnumbered paragraphs which are not limited to a single set of circumstances, and therefore dismissal without prejudice is appropriate.

The Court notes that the proposed Second Amended Complaint does not contain unnumbered paragraphs.

After consideration, the Court grants the Motion to Dismiss as to this issue.

C. Failure to State a Claim for Violation of 42 U.S.C. Sec. 1985(3)

Defendant argues that Plaintiff Nielsen does not allege sufficient facts to state a claim for conspiracy in violation of 42 U.S.C. Sec. 1985(3). Defendant further argues that Plaintiff's claim is barred by the intracorporate conspiracy doctrine. See Dickerson v. Alachua County Commission, 200 F.3d 761, 767 (11th Cir. 2000).

Plaintiff Nielsen did not file a response in opposition to Defendant's Motion to Dismiss, but filed a Motion for Leave to Amend to file the proposed Second Amended Complaint. However, the proposed Second Amended Complaint has not been amended as to

3

Case No. 8:08-CV-711-T-17TBM

this issue. Defendant's Motion is unopposed. After consideration, the Court grants the Motion to Dismiss as to issue.

D. Failure to State a Claim for Violation of 42 U.S.C. Sec. 1981

Defendant argues that Plaintiff's Amended Complaint alleges only sex and age discrimination and alleges no facts necessary to support a claim for a violation of 42 U.S.C. Sec. 1981. Defendant argues that the Amended Complaint does not plead facts sufficient to establish that Defendant lacked a rational basis for the alleged discrimination. See Kimel v. Fla. Bd. Of Regents, 528 U.S. 62, 83-84 (2000)("States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest.")

Defendant further argues that Defendant, and the proper party that should be the defendant, is a State Actor, and, as such, Sec. 1981 is not the proper avenue for Plaintiff to seek redress. See Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000).

The Court notes that Plaintiff's proposed Second Amended Complaint was not amended as to this issue. Defendant's Motion is unopposed. After consideration, the Court grants the Motion to Dismiss as to this issue.

E. Failure to State a Claim for Violation of 42 U.S.C. Sec. 1983

Defendant argues that Plaintiff's Amended Complaint does not

4

Case No. 8:08-CV-711-T-17TBM

allege a policy, custom, pattern or practice of discrimination, and therefore fails to state a claim for municipal liability pursuant to 42 U.S.C. Sec. 1983. See Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658, 690 (1978).

Defendant further argues that the Amended Complaint does not allege facts sufficient to establish that Defendant lacked a rational basis for the alleged discrimination, and therefore does not state a claim under Section 1983.

Defendant further argues that Plaintiff may not maintain a Section 1983 claim to the extent that the claim is based on underlying violations of the ADEA. See McNa v. Communications Inter-Local Agency, 551 F.Supp.2d 1343, 1349 (M.D. Fla. 2008).

Defendant's Motion is unopposed. The Court notes that the proposed Second Amended Complaint was not amended as to this issue. After consideration, the Court grants the Motion to Dismiss as to this issue.

F. Failure to Allege Facts Sufficient to Invoke 28 U.S.C. Sec. 1391(e)(3)(2008)

Defendant argues that Plaintiff does not allege that Defendant is an officer or employee of the United States or an agency thereof, and, therefore, cannot proceed pursuant to 28 U.S.C. Sec. 1391.

Defendant further argues that Plaintiff does not specify the basis for jurisdiction over Plaintiff's state law claims, in violation of Rule 8, Fed.R.Civ.P.

Case No. 8:08-CV-711-T-17TBM

The Court notes that in the proposed Second Amended Complaint, Plaintiff Nielsen alleges that Plaintiff is bringing his state law claims pursuant to the Florida Civil Rights Act. The proposed Second Amended Complaint was not amended as to 28 U.S.C. Sec. 1391(e)(3). Defendant's Motion is unopposed as to this issue. After consideration, the Court grants the Motion to Dismiss as to this issue.

III. Motion for Leave to File Second Amended Complaint

Plaintiff Nielsen moves for leave to file the proposed Second Amended Complaint.

Defendant opposes Plaintiff's Motion for Leave to File Second Amended Complaint. Defendant argues that Plaintiff's Motion should be denied because the proposed Second Amended Complaint does not cure all of the defects of the Amended Complaint. Defendant argues that Plaintiff's proposed Second Amended Complaint continues to fail to state a claim pursuant to 42 U.S.C. Sec. 1985(3), 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983, and 28 U.S.C. Sec. 1391(e)(3).

Leave to file an amended complaint should be freely given. See Fed.R.Civ.P. 15(a). Pursuant to Foman v. Davis, 371 U.S. 178, 182 (1962), a district court may properly deny leave to amend the complaint under Rule 15(a) when the amendment would be futile. Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. Burger King Corp. V. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). Courts should show leniency to pro se litigants, but this leniency does not give a court license to serve as de facto

Case No. 8:08-CV-711-T-17TBM

counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

After consideration, the Court denies the Motion for Leave to File Second Amended Complaint because the Second Amended Complaint would be subject to dismissal.

IV. Dkt. 26 Reply

The Court reminds Plaintiff Neilsen that Plaintiff is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. Plaintiff did not seek leave to file a Reply, and the Court did not grant leave. Accordingly, it is

**ORDERED** that the Motion to Dismiss Amended Complaint is **granted**, with leave to file an amended complaint which cures **all** defects of the current Amended Complaint, within twenty days of this Order. It is further

**ORDERED** that the Motion for Leave to File Second Amended Complaint is **denied** due to futility.

Case No. 8:08-CV-711-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of August, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record