UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK V. NIELSEN,

    Plaintiff,

v.

                              CASE NO. 8:08-CV-711-T-17EAJ

PINELLAS COUNTY,

    Defendant.
_____/

### ORDER ON CROSS SUMMARY JUDGMENT MOTIONS

This cause is before this Court on:

Doc. 96    Motion for Summary Judgment (Pinellas County)

Doc. 97    Deposition of Frederick Nielsen (taken January 19, 2010)

Doc. 98    Deposition of Frederick Nielsen (taken March 18, 2010)

Doc. 99    Deposition of Frederick Nielsen (taken June 2, 2010)

Doc. 105  Motion for Summary Judgment (Frederick Nielsen)

Doc. 107  Response (Pinellas County)

Doc. 108  Response (Frederick Nielsen)

The second amended complaint alleges employment discrimination based upon age in violation of the Age Discrimination in Employment Act (ADEA) and gender in violation of Title VII, 42 U.S.C. § 2000-e-2(a)(1). (Doc. 32). While the second amended complaint fails to allege any unlawful retaliation by the Defendant, the issue is raised for the first time in Plaintiff's summary judgment motion and will be addressed below. Plaintiff Nielsen and Defendant Pinellas County have filed cross-motions for

Case No. 8:08-CV-711-T-17EAJ

summary judgment. For the reasons set forth below, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.

I. Standard of review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary
> judgment after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence
> of an element essential to that party's case, and on which that party will
> bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are... irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative... summary judgment may be granted." Id. at 249-50.

Case No. 8:08-CV-711-T-17EAJ

II. Statement of Facts

1. Plaintiff is male and was seventy-one years of age at the time he filed his second amended complaint. (Doc. 32 ¶10).

2. On or about August, 22, 2006, Plaintiff applied for a position of Equal Opportunity Coordinator ("EOC") with the Defendant, Pinellas County. (Doc. 32 ¶ 12(a)(1)).

3. Plaintiff sued Pinellas County for age and gender discrimination arising out of Pinellas County's decision to not hire Plaintiff for the position of EOC on or about October 25, 2006, and for Pinellas County's refusal of Plaintiff's request to file a complaint. (Doc. 32 ¶¶ 6, 9, 12).

4. Forty-seven people submitted applications for the position of EOC; however, only forty-six met the minimal qualifications for the position and were placed on the Register provided to the hiring department. (Doc. 96-2, Ex. 1 ¶¶ 5, 6).

5. Plaintiff was one of six applicants interviewed for the position of EOC by Leon Russell and Walter Melvin. (Doc. 32 ¶12 (a)(3); Doc. 96-3, Ex 2 ¶15).

6. The person selected for the position of EOC, Alana Lewis-Alexander ("Selectee"), was rated the highest of all candidates on the Register certified by the Pinellas County Personnel Department. (Doc. 96-3, Ex 2 ¶20).

7. The Selectee had experience and training related to fair housing and public accommodations, in addition to employment law. (Doc. 96-3, Ex 2 ¶22).

Case No. 8:08-CV-711-T-17EAJ

8. Plaintiff has experience in the area of labor and employment law only. (Doc. 96-3, Ex 2 ¶¶32, 34, 43).

9. The Selectee worked as an Equal Opportunity Technician for approximately six years in the same office prior to being promoted to the position of EOC. (Doc. 96-3, Ex 2 ¶21).

10. Prior to being promoted, the Selectee assisted senior investigators with several cases and was familiar with the investigative process as well as the laws pursuant to which claims of discrimination are investigated by the Office of Human Rights. The Selectee was also familiar with the electronic systems used to facilitate investigations with both the U.S. Department of Housing and Urban Development (HUD) and the Equal Employment Opportunity Commission (EEOC). (Doc. 96-5, Ex 4 ¶10, 11).

11. The Selectee had previously completed HUD Office of Fair Housing and Equal Opportunity training, including Fair Housing Academy training, National Fair Housing Alliance training, and participated in several EEOC training conferences. (Doc. 96-5, Ex 4 ¶9).

12. The Selectee also attended conferences sponsored by the Florida Institute of Government at the University of Central Florida, Human Diversity training provided by St. Petersburg College, obtained a certificate in Internal Investigations from the Council of Education in Management in association with George Washington University, and attended training provide by the National Association of Human Rights Workers, Pinellas Technical Education Centers. (Doc. 96-5, Ex 4 ¶12).

Case No. 8:08-CV-711-T-17EAJ

13. Plaintiff's work history does not include any experience in receipt, investigation, and perfecting complaints of discrimination pursuant to local, state, or federal law. (Doc. 96-5, Ex 2 ¶43, Doc. 96-5, Ex. A).

14. After Plaintiff was notified he was not selected for employment, Plaintiff wrote to Defendant requesting to file a complaint regarding his non-selection. (Doc. 32 ¶12 (a)(7)).

15. Mr. Russell's refusal to investigate his own hiring decision was based upon a conflict of interest and Mr. Russell provided Plaintiff with the contact information for the EEOC office in Tampa, Florida, in response to Plaintiff's request to file a complaint. (Doc 96-3, Ex I).

16. Plaintiff filed a complaint with the EEOC in Tampa, Florida, and Plaintiff's complaint was transferred to the Atlanta, Georgia, District Office, to avoid any appearance of conflict of interest due to their work-sharing agreement with Defendant. (Doc. 32 ¶12(a)(11)).

17. The EEOC in Atlanta, Georgia, subsequently issued a Notice of Right to Sue letter, dated February 12, 2008, and Plaintiff commenced suit shortly thereafter. (Doc. 32 ¶12(a)(12)).

18. The discovery cutoff was extended to August 31, 2010, and discovery is now closed. (Doc. 79).

Case No. 8:08-CV-711-T-17EAJ

III. Discussion

   A. Gender Discrimination Under Title VII

Pursuant to Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As Plaintiff has failed to disclose any direct evidence of discrimination and is instead relying only on circumstantial evidence, the Court must apply the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 50 U.S. 248 (1981). See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006). Under this framework, the Plaintiff has the burden to establish a *prima facie* case of discrimination by demonstrating that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). If the Plaintiff establishes a *prima facie* case of discrimination, a rebuttable presumption arises that the employer unlawfully discriminated against him and the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. Brooks, 446 F.3d at 1162. Defendant admits that Plaintiff has established a *prima facie* case of discrimination based upon sex in that he was male, he was certified as meeting the minimum qualifications and the position was filled by a female. Thus, this Court must now examine what

6

Case No. 8:08-CV-711-T-17EAJ

evidence of legitimate, nondiscriminatory reasons for the adverse employment action Defendant has produced.

A trier of fact does not have to believe the employer's proffered reason in order to find that the employer has met its burden, "[f]or the burden-of-production discrimination necessarily *precedes* the credibility-assessment stage." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993) (emphasis original). Nor is an employer required to persuade the court its reason is "legitimate." Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004), overruled on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006). The employer is required only to present evidence which, taken as true, permits a reasonable fact finder to conclude there was a nondiscriminatory reason for the employment decision. St. Mary's Honor Center, 509 U.S. at 509; Cooper, 390 F.3d at 725. Once the presumption is rebutted, the Plaintiff must show that the employer's reason was not the genuine cause for the adverse action but merely a pretext for discrimination. McDonnell Douglas, 411 U.S. at 804.

The Director of the Pinellas County Office of Human Rights, Leon Russell, maintains that the Selectee was, and is, the better qualified person for the job. (Doc. 96-3 Ex. 2, ¶19). Mr. Russell's opinion that the Selectee had greater experience than the Plaintiff was confirmed during the interview process where each candidate was asked twenty identical questions relating to Title VII of the Civil Rights Act of 1964 and Title VIII of the Civil Rights Act of 1968. According to Mr. Russell, the Plaintiff did not answer any of the questions satisfactorily. (Doc. 32 Ex 2, ¶¶ 39, 40, 41). Mr. Russell further opined that it appeared the Plaintiff was unfamiliar with the details of the statutes and appropriate procedures utilized in an investigation.

Case No. 8:08-CV-711-T-17EAJ

Further evidence of legitimate, nondiscriminatory reasons for the adverse employment action are present when weighing the Plaintiff's credentials and skills against those of the Selectee. The Selectee handled complaint intake and complaint perfection for employment, housing, and public accommodation complaints pursuant to the Pinellas County Human Rights Ordinance, codified at Chapter 70 of the Pinellas County Code, Title VII of the Civil Rights Act of 1964, as amended, and Title VIII of the Civil Rights Acts of 1968, as amended by the FHAA. Mr. Russell stated her work as an Equal Opportunity Technician was excellent. (Doc. 96-3 Ex.2, ¶¶ 22, 23). The Selectee also had training in Title Eight Automated Paperless Office Tracking Systems (TEAPOTS) utilized by HUD, in addition to training in the computerized system utilized by EEOC, and if the Plaintiff had been selected, he would have required additional training. (Doc. 32 Ex. 2, ¶¶ 24, 26). The affidavit of Oliver Melvin states that of the seven applicants interviewed, Mr. Melvin ranked the Plaintiff fifth. (Doc. 96-3 Ex. D, ¶7.) Mr. Melvin also states that the Plaintiff knew very little as to what a FEPA agency is, did not know what Title VII of the 1964 Civil Rights Act or Title VIII of the 1968 Civil Rights Act are, did not know the effective date of Title VIII, and did not know what is meant by prima facie evidence. (Doc 96-3 Ex. D, ¶8). Mr. Melvin ranked the Selectee at a total of 155 points and the Plaintiff at a rating of 63 points. (Doc.96-3 Ex D, ¶¶ 9, 10).

This Court finds the evidence referenced above to be legitimate, nondiscriminatory reasons for the adverse employment action Defendant has reached. As such, the presumption is rebutted, and the Plaintiff must show that the employer's reason for the adverse action was not the genuine cause for the adverse action, but merely a pretext for discrimination. See McDonnell Douglas, 411 U.S. at 804. A Plaintiff can do so "either directly by persuading the court that a discriminatory reason more likely

Case No. 8:08-CV-711-T-17EAJ

motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks, 446 F.3d at 1163. With respect to the latter, "the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Cooper, 390 F.3d at 725. "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). Thus, the ultimate burden remains with the Plaintiff to raise a genuine issue of material fact as to whether Defendant's explanation is pretextual and that discrimination was the true cause for the adverse employment decision.

The only evidence upon which the Plaintiff relies is a newspaper advertisement for the EOC position and the unfounded assertion that the Communications degree the Selectee possesses is unrelated to the position in which she was hired. Plaintiff avers that the Defendant's consideration of requirements outside of the job advertisement amounts to pretext. This Court finds that the Defendant's consideration of requirements outside of the job advertisement does not amount to pretext nor does the Selectee's undergraduate degree have any relevance. People are often hired and remain highly productive in areas outside, or unrelated to, their undergraduate degrees. Absent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext under Title VII or other federal employment discrimination statutes. Denney v. City of Albany, 247 F.3d 1172, 1185 (11th Cir. 2001); See also Allison v. Western Union Tel. Co., 680 F.2d 1318, 1322 (11th Cir. 1982) ("An employer's decision may properly be based on subjective factors.") There is no

9

Case No. 8:08-CV-711-T-17EAJ

evidence that gender played any role in the non-hiring of Plaintiff or that Defendant's proffered reason in unworthy of credence.

The undisputed facts establish that the Selectee possesses certain skills, training, knowledge, and experience that Plaintiff does not have. Defendant has rebutted the *prima facie* case with legitimate non-discriminatory reasons, one of which is that the Selectee was better qualified than Plaintiff Neilsen. Plaintiff Neilsen fails to advance any evidence that establishes that the Selectee's qualifications were not the real reason for choosing the Selectee over Plaintiff. Furthermore, Plaintiff Neilsen fails to proffer any evidence to create a genuine issue of material fact regarding whether the articulated reasons provided by Defendant Pinellas County are pretextual. As Plaintiff Neilsen has not offered any evidence upon which a reasonable jury could conclude Defendant's reasoning for not hiring Plaintiff amounts to pretext, summary judgment is appropriate.

B. Age Discrimination Under ADEA

The ADEA makes it unlawful for an employer to "fail or refuse to hire ... any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As with Plaintiff's claim for gender discrimination, no direct evidence exists and thus the framework for analyzing circumstantial evidence under McDonnell Douglas must apply.

Under the McDonnell Douglas test, a plaintiff must first establish a prima facie case of discrimination, which a plaintiff can do by demonstrating that (1) he was a member of the protected age group, (2) was subject to an adverse employment action, (3) was qualified to do the job, and 4)

10

Case No. 8:08-CV-711-T-17EAJ

...lost a position to a younger individual. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). If a plaintiff establishes a *prima facie* case of discrimination, the burden of production, but not the burden of persuasion, shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. Texas Dept. of Cmty. Affairs, 450 U.S. at 254-55. The burden then returns to the plaintiff to prove that the employer's reasons are pretextual. Id. at 253. The employee can meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 256; Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). If the proffered reason is one that might have motivated a reasonable employer, the employee "must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030. If a defendant articulates more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive summary judgment. Id. at 1037. If a plaintiff attempts to prove pretext by showing that he was more qualified than the person selected to fill a position, "the difference in qualifications must be so glaring that no reasonable impartial person could have chosen the candidate selected for the promotion in question over the plaintiff." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 772 (11th Cir. 2005).

However, successful navigation of the McDonnell Douglas test does not necessarily guarantee that a plaintiff can survive summary judgment. In Reeves v. Sanderson Plumbing Product, Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Supreme Court held that there are "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was

Case No. 8:08-CV-711-T-17EAJ

discriminatory." "For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Id.

Finally, in the application of the McDonnell Douglas test in age discrimination cases, courts must take into account the Supreme Court's recent decision in Gross v. FBL Financial Services, Inc., --- U.S. ----, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). In Gross, the Supreme Court held that the ADEA does not authorize "mixed motives" age discrimination cases. While mixed motive cases are permissible under Title VII, a Plaintiff alleging age discrimination "must prove that age was the 'but-for' cause of the employer's adverse decision." --- U.S. at ----, 129 S.Ct. at 2350. In Gross, the Supreme Court also observed that "the Court ha[d] not definitively decided whether the evidentiary framework of McDonnell Douglas Corp. v. Green ... utilized in Title VII cases is appropriate in the ADEA context." --- U.S. at ----, 129 S.Ct. at 2349 n. 2. However, the Eleventh Circuit, and every other circuit addressing the issue, has continued to apply the McDonnell Douglas test in ADEA cases.

The first issue that this Court must resolve is whether Plaintiff has established a prima facie case under McDonnell Douglas. Under McDonnell Douglas, Plaintiff must establish a *prima facie* case of discrimination before proceeding further with his case. McDonnell Douglas, 411 U.S. at 802. If he can make that showing, Defendant has the "exceedingly light" burden of offering a legitimate, non-discriminatory reason for taking the challenged action. Holifield v. Reno, 115 F.3d 1115, 1562 (11th Cir. 1997). Once a defendant makes that showing, the *prima facie* case falls away, and plaintiff, to survive summary judgment, "must meet the reason head on and rebut it, and the employee cannot succeed by

simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030. Having reviewed the record, this Court finds no direct evidence of intentional discrimination toward the Plaintiff as it pertains to age discrimination and thus the McDonnell Douglas framework must apply. Whether or not Plaintiff was qualified for the position in which he applied is not readily ascertainable from the record, but as Defendant conceded that Plaintiff met the minimum qualifications under gender discrimination, the Court conclude that a prima facie case has been established as Plaintiffs was a member of the protected age group, was not hired, and the Selectee was younger. The burden of production now falls to the Defendant.

Defendant has provided numerous reasons for Defendant's hiring decision, the primary reason being that the Selectee was more qualified than Plaintiff Neilsen. It has been previously established that Selectee possessed certain skills and qualifications distinct from Plaintiff's skills and qualifications. Furthermore, Plaintiff's age was readily ascertainable on his application for the EOC position and Plaintiff was one of six selected from forty-six applicants for interview. Thus, if age was truly a motivating factor for not hiring the Plaintiff, the likelihood that Defendant would have selected the Plaintiff to be interviewed in the first place is low, if not nonexistent. As stated above, the Selectee had previously worked and had experience at the EOCC office and had training and experience in all areas of discrimination investigated by the Department, which Plaintiff Neilsen lacked. "If a plaintiff establishes a prima facie case for discrimination or retaliation, and the defendant responds with a legitimate, nondiscriminatory reason for not hiring the plaintiff, the plaintiff must show that the defendant's reasons were pretext for an illegal motive." Hillemann v. University of Central Fla., 167 Fed. Appx. 747, 750 (11th Cir. 2006), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). "A

Case No. 8:08-CV-711-T-17EAJ

plaintiff cannot establish pretext merely by showing he or she was better qualified than the hired candidate; the plaintiff must show the hiring decision was made because of an illegal motive." Id., citations omitted.

Plaintiff has made no such showing in the case *sub judice* and discovery is closed. There is no record evidence that Plaintiff's age was the 'but-for' cause of the Defendant's hiring decision, as required under Gross. Plaintiff therefore fails to meet the 'but-for' standard under the ADEA. Furthermore, the Court has not found any evidence that indicates the Selectee was hired for any reason other than she was more qualified. Defendant is entitled to judgment as a matter of law.

C. Retaliation

The Court notes that Plaintiff's Charge of Discrimination includes allegations of retaliation; however, Plaintiff's second amended complaint (Doc. 32) includes only allegations of unlawful discrimination, and does not include a cause of action for unlawful retaliation. It is improper to raise a new claim by way of a motion for summary judgment or response to a motion for summary judgment. Although Plaintiff did not request leave to amend his second amended complaint to include the retaliation claim, the Court will address Plaintiff's allegation.

Both the ADEA, 29 U.S.C. 623(d), and Title VII, 42 U.S.C.§2000e-(3)(a), prohibit discrimination against employees or applicants who oppose or participate in a charge/investigation involving claims of unlawful practice pursuant to those laws. See Gomez-Perez v. Potter, --- U.S. ---, 128 S.Ct. 1931, 1943-1944 (2008) (relating to the ADEA); see also Burlington Northern v. White, 548 U.S. 53 (2006). Under the ADEA, it is unlawful for an employer to retaliate against an employee who "has opposed any

Case No. 8:08-CV-711-T-17EAJ

practice made unlawful by this section" or who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). A retaliation claim based on circumstantial evidence is analyzed under the McDonnell Douglas framework. See Goldsmith v. City of Atmore, 996 F.2d 1155, 1162-63 (11th Cir. 1993) (applying framework to Title VII retaliation claim). In order to establish a prima facie case for retaliation, Plaintiff must show (1) he engaged in protected activity such as opposing discrimination on the basis of age or sex; (2) he suffered an adverse employment action; and (3) there was a causal relationship between the two events. See Pennington v. City of Huntsville, 261 F.3d 1262 (11th Cir. 2001). In order to establish a causal connection, the Plaintiff must demonstrate that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." McCann v. Tillman, 526 F.3d 1370, 1376 (11th Cir. 2008).

After not being selected, the Plaintiff requested to file an internal complaint regarding his non selection for employment with the Defendant. As Plaintiff was not a Pinellas County employee, the grievance procedures set forth in Personnel Rule XX did not apply and pursuant to Pinellas County Code, §§ 70-76 and 70-77, the Office of Human Rights does not investigate charges made against Pinellas County. Mr. Russell determined that since the Plaintiff was complaining against the Office of Human Rights, it would be a conflict of interest for his office to investigate Plaintiff's complaints. (Doc. 96-3 Ex. 2 ¶52). Mr. Russell maintains that Plaintiff was given the information to contact the Tampa Area EEOC office in order to file his grievance because of the conflict of interest and not in retaliation for Plaintiff's discrimination complaints. (Doc. 96-3 Ex. 2 ¶ 55). The Plaintiff did subsequently file a grievance.

Case No. 8:08-CV-711-T-17EAJ

Requiring Plaintiff to pursue his grievance through the EEOC Office, an external agency, rather than within the Office of Human Rights, through internal complaint procedures, is not an adverse employment action. An equivalent investigation and review process was available from the external agency. This Court further finds that the protected activity and the alleged adverse action are wholly unrelated. Therefore, Plaintiff Neilsen has not established a *prima facie* case. Even if Plaintiff Neilsen could establish a prima facie case, Plaintiff's unlawful retaliation claims fails under the McDonnell Douglas analysis from the same reasons as those listed above. See supra §§ a, b.

III. Conclusion

After consideration of the pending motions, this Court concludes that Defendant, PINELLAS COUNTY, is entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 56 (c). The undisputed material facts establish Defendant's hiring decision was based upon legitimate non-discriminatory reasons. Accordingly, it is:

**ORDERED** that the Motion for Summary Judgment of Defendant Pinellas County is **granted** (Doc. 96) and Plaintiff's Motion for Summary Judgment (Doc. 105) is denied for the reasons set forth above. The Clerk of Court shall enter a final judgment in favor of Defendant and against Plaintiff, and close this case.

Case No. 8:08-CV-711-T-17EAJ

**DONE AND ORDERED** in Chambers at Tampa, Florida, on this 12th day of April, 2011.

*[signature]*

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record